**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LESLIE C.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 23 C 718** |
| **v.** | ) | |
| | ) | **Magistrate Judge** |
| **KILOLO KIJAKAZI, Acting** | ) | **Maria Valdez** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This action was brought under 42 U.S.C. § 405(g) to review the final decision

of the Commissioner of Social Security denying Plaintiff Leslie C.'s claim for

Supplemental Security Income ("SSI"). The parties have consented to the

jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 14]

is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 17]

is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security
Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last
name.

## BACKGROUND

### I.    PROCEDURAL HISTORY

On January 8, 2021, Plaintiff filed a claim for SSI, alleging disability since

October 28, 2020. The claim was denied initially and upon reconsideration, after

which she timely requested a hearing before an Administrative Law Judge ("ALJ").

A telephonic hearing was held on February 9. 2022, and all participants attended

the hearing by telephone. Plaintiff appeared and testified at the hearing and was

represented by counsel. A vocational expert ("VE") also testified.

On July 19, 2022, the ALJ denied Plaintiff's claim for benefits, finding her

not disabled under the Social Security Act. The Social Security Administration

Appeals Council then denied Plaintiff's request for review, leaving the ALJ's

decision as the final decision of the Commissioner and, therefore, reviewable by the

District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626

(7th Cir. 2005).

### II.    ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential

evaluation process established under the Social Security Act. *See* 20 C.F.R. §

404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in

substantial gainful activity since the application date of January 8, 2021. At step

two, the ALJ concluded that Plaintiff had the following severe impairments: status-

post bunionectomy; right foot hallux valgus; Raynaud's in feet; seizure disorder;

generalized anxiety disorder; post-traumatic stress disorder; depressive disorder;

and attention deficit hyperactivity disorder. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: can never climb ladders, ropes, or scaffolds; can no more than occasionally climb ramps and stairs and stoop, crouch, kneel, and crawl; should be provided a sit-stand option allowing her to stand for 1-2 minutes after sitting for 30 minutes; can no more than frequently handle, finger, and feel; should avoid concentrated exposure to extreme cold, extreme heat, and workplace hazards such as unprotected heights and dangerous moving machinery; and can understand, remember, carry out, and sustain no more than routine tasks and no complex tasks. At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a bartender, waitress, legal assistant, real estate assistant, or model. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I.    ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.    JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

6

## III.     ANALYSIS

Plaintiff argues that the ALJ's decision was in error because: (1) the ALJ did not adequately support her findings regarding position changes; and (2) the ALJ failed to sufficiently address Plaintiff's sitting limitations. Plaintiff's two arguments are related, and they ultimately boil down to her assertions that the ALJ failed to build the requisite logical bridges with respect to the sit/stand accommodation provided in the RFC and Plaintiff's sitting abilities in general. Pertinent to Plaintiff's contentions, the ALJ noted in her decision that Plaintiff had tender points in her cervical and lumbar spine but further noted that "X-rays of the . . . cervical spine were normal" and "a lumbar spine x-ray showed only mild right convex curvature and mild disc height loss at L3-4." (R. 20.) The ALJ recognized Plaintiff's testimony that she had pain in her neck, shoulders, lower back, knees, and feet and could sit for up to a half hour[2] before stretching. (*Id.* at 19.) More specifically, Plaintiff testified at the hearing that she could sit for "15 to 30 minutes" and she would "fidget around a lot" and then "get up and walk around and stretch" to alleviate back pain (*Id.* at 69.) Along those lines, the ALJ noted Plaintiff's statement that "she worked from home as a marketing analyst and switched between sitting and standing." (*Id.* at 20.) Based on the medical record and Plaintiff's testimony, the ALJ concluded that "the claimant should be provided a sit-stand option to avoid aggravated pain in her spine." (*Id.* at 23.) Concomitantly, the ALJ determined in the RFC assessment that Plaintiff "should be provided a sit-

---

[2] There appears to be a typographical error in the decision in that it states 20 minutes rather than 30 minutes as reflected in Plaintiff's testimony.

stand option allowing her to stand for 1-2 minutes after sitting for 30 minutes." (*Id.* at 18.)

The Court finds Plaintiff's sitting-related arguments unavailing. As an initial matter, the Court summarily rejects Plaintiff's contention that the standard sit/stand limitation provided by the ALJ is "internally inconsistent." (Pl.'s Mot. at 7.) Furthermore, as is evident from the recitation above, the ALJ specifically acknowledged Plaintiff's reported difficulties with sitting for extended periods and specifically accommodated those difficulties by allowing Plaintiff to stand for 1-2 minutes every half hour. The ALJ's accommodation in that regard is in line with the particularized difficulties alleged by Plaintiff and the particularized methods Plaintiff employs to alleviate pain. In light of the sit/stand accommodation, the ALJ reasonably determined that Plaintiff could sit as necessary for sedentary work when given the option to briefly stand after 30 minutes. *See McCulley v. Berryhill*, No. 13 C 6031, 2019 WL 1292982, at \*13 (N.D. Ill. Mar. 20. 2019) ("[T]he ALJ adequately explained and supported his RFC determination and the included sit/stand option."); *Tanishia T. v. Kijakazi*, No. 20 C 6293, 2022 WL 4079450, at \*8 (N.D. Ill. Sept. 6, 2022) ("[T]he ALJ's decision to limit Plaintiff to sedentary work – involving mostly seated work with no more than 2 hours of standing and/or walking per an 8-hour day – with additional postural and environmental limitations, including the ability to stand for 2 minutes after 45 minutes of sitting, was supported by substantial evidence."). Plaintiff's belabored argument that the ALJ did not "properly digest evidence about sitting" (Pl.'s Mot. at 9) amounts to an

8

impermissible request that the evidence be reweighed. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

Plaintiff devotes one paragraph to an assertion that the ALJ failed to sufficiently assess Plaintiff's ability to be on-task during the workday in light of her mental and physical deficits. (Pl.'s Mot. at 7-8.) Plaintiff primarily ties this argument to the ALJ's finding of a moderate limitation in concentration and the related accommodation of "no more than routine tasks and no complex tasks." (R. 18.) As an initial matter, in determining that jobs were available, the VE was fully apprised of both the sit/stand limitation (and attendant standing periods every half hour) and the limitation to routine tasks. (R. 80-81, 87.) Furthermore, despite Plaintiff's protestations to the contrary, an ALJ's use of catchall phrases (such as "routine" tasks and "no complex" tasks) in an RFC, without more, does not necessitate remand. *See Recha v. Saul*, 843 F.App'x 1, 4 (7th Cir. 2021). Notably, Plaintiff has not specifically articulated what verbiage the ALJ should have used with respect to her alleged on-task limitations. *See Martin v. Saul*, 950 F.3d 369, 374 (7th Cir. 2020) ("Although [the claimant] complains that the pace requirements are too vague, there is only so much specificity possible in crafting an RFC. The law required no more."); *Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019). Ultimately, the Court finds that the ALJ sufficiently accounted for any on-task issues by posing the sit/stand accommodation to the VE and including a reasonable limitation to routine and non-complex tasks.

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion for summary judgment [Doc. No. 14] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 17] is granted.

**SO ORDERED.**                                   **ENTERED:**

**DATE:**    <u>October 10, 2023</u>         _____

                                                  **HON. MARIA VALDEZ**
                                                  **United States Magistrate Judge**